IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARQUIS DEWAYNE PRIM,
    Petitioner,

vs.                                         Case No. 3:08cv446/RV/EMT

FIRST JUDICIAL CIRCUIT COURT OF
ESCAMBIA COUNTY FLORIDA
and WARDEN OF DRAPER CORRECTIONAL FACILITY,
    Respondents.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court upon referral from the clerk. Petitioner initiated this habeas action in the United States District Court for the Middle District of Alabama while he was incarcerated at the Draper Correctional Facility located in that federal district (*see* Doc. 1). The habeas petition challenged two warrants that were lodged as detainers against him by the Escambia County Sheriff's Department in Escambia County, Florida (*id.*). As relief, Petitioner sought dismissal of the pending detainers on the ground that he requested disposition of the charges, pursuant to the Interstate Agreement on Detainers Act (IAD), 18 U.S.C. App. 2, § 2, but the State Attorney for the First Judicial Circuit in Escambia County, Florida failed to bring him to trial within

180 days of his request for such (*id.*).[1]  The Middle District court transferred the case to this District (*see* Doc. 4).

Petitioner then filed an amended petition alleging two grounds for relief:  (1) the State Attorney for Escambia County, Florida violated the IAD by failing to bring him to trial on the charges within 180 days of his request for final disposition of the charges, and (2) the Circuit Court for Escambia County, Florida violated his Fifth, Sixth, and Fourteenth Amendment rights to due process and equal protection by failing to grant his request for final disposition of the untried charges (*see* Doc. 9 at 7–9).  Petitioner states he is not seeking to delay prosecution of the criminal charges or litigate a defense to them, rather he seeks an order requiring the State of Florida to promptly prosecute the charges or dismiss the detainer because the presence of the detainer is affecting his classification status in the Alabama correctional facility, his eligibility for parole, and his ability to participate in community corrections programs such as work release (*see id.* at 8–10). On April 3, 2009, Petitioner filed a notice of change of address stating that he completed his sentence in Alabama on March 25, 2009, and was extradited to the State of Florida for trial on the pending charges (*see* Doc. 18).  Petitioner states he was initially detained at the Escambia County Jail, but on March 31, 2009, he was released on bond (*id.*).

On April 15, 2009, the undersigned issued an order suggesting that Petitioner's extradition to Florida and the initiation of trial proceedings on the charges which were the subject of the

---

[1] The IAD is a compact entered into by 48 States, the United States, and the District of Columbia to establish procedures for resolution of one State's outstanding charges against a prisoner of another State. *See* 18 U.S.C. App. 2, § 2; 11A U.L.A. 48 (1995) (listing jurisdictions). As "a congressionally sanctioned interstate compact" within the Compact Clause of the United States Constitution, Art. I, § 10, cl. 3, the IAD is a federal law subject to federal construction. New York v. Hill, 528 U.S. 110, 111, 120 S. Ct. 659, 145 L. Ed. 2d 560 (2000) (citing Carchman v. Nash, 473 U.S. 716, 719, 105 S. Ct. 3401, 87 L. Ed. 2d 516 (1985); Cuyler v. Adams, 449 U.S. 433, 442, 101 S. Ct. 703, 66 L. Ed. 2d 641 (1981)). A State seeking to bring charges against a prisoner in another State's custody begins the process by filing a detainer, which is a request by the State's criminal justice agency that the institution in which the prisoner is housed hold the prisoner for the agency or notify the agency when release is imminent. Fex v. Michigan, 507 U.S. 43, 44, 113 S. Ct. 1085, 122 L. Ed. 2d 406 (1993). After a detainer has been lodged against him, a prisoner may file a "request for a final disposition to be made of the indictment, information, or complaint" under the IAD. 18 U.S.C. App. 2, Art. III(a). The 180-day time period in Article III(a) of the IAD does not commence until the prisoner's request for final disposition of the charges against him has actually been delivered to the court and prosecuting officer of the jurisdiction that lodged the detainer against him. Fex, 507 U.S. at 52. Upon such a request, the prisoner "shall be brought to trial within one hundred eighty days," "provided that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance." *Id.* If a defendant is not brought to trial within the applicable statutory period, the IAD requires that the indictment be dismissed with prejudice. 18 U.S.C. App. 2, Art. V(c).

detainer rendered this habeas action moot (Doc. 19). The court directed Petitioner to respond to the mootness issue within thirty days (*id.*). To date, the Petitioner has not responded to the order.

Article III of the Constitution states that federal courts "may only adjudicate actual, ongoing controversies." Honig v. Doe, 484 U.S. 305, 317, 108 S. Ct. 592, 98 L. Ed. 2d 686 (1988). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496, 89 S. Ct. 1944, 23 L. Ed. 2d 491 (1969). In other words, when events occur during the pendency of a litigation which render the court unable to grant the requested relief, the case is moot. *See* Al Najjar v. Ashcroft, 273 F.3d 1330, 1336 (11th Cir. 2001). There is a recognized "exception to the general rule [of mootness] in cases that are 'capable of repetition, yet evading review.'" Murphy v. Hunt, 455 U.S. 478, 482, 102 S. Ct. 1181, 1183, 71 L. Ed. 2d 353 (1982). "[T]he capable-of-repetition doctrine applies only in exceptional situations, and generally only where the named plaintiff [or petitioner] can make a reasonable showing that he will again be subjected to the alleged illegality." Los Angeles v. Lyons, 461 U.S. 95, 109, 103 S. Ct. 1660, 1669, 75 L. Ed. 2d 675 (1983) (citation omitted). To qualify for the exception, two elements must be simultaneously present: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." Murphy, 455 U.S. at 482. "[T]here must be a 'reasonable expectation' or a 'demonstrated probability' that the same controversy will recur involving the same complaining party." *Id.* (emphasis added).

In the instant case, Petitioner seeks only injunctive relief in the form of an order removing the detainer or requiring the State of Florida to promptly initiate prosecution of the charges. However, Petitioner has already received this relief by virtue of his extradition to Florida on March 25, 2009, and the initiation of criminal proceedings on the untried charges; therefore, his claim for relief is moot. *See, e.g.*, Fredette v. Hemingway, 65 Fed. Appx. 929 (6th Cir. 2003) (federal prisoner's petition for writ of habeas corpus and motion for temporary restraining order to prevent his transfer from federal to state custody pursuant to Interstate Agreement on Detainers Act (IAD) in order to face state criminal charges was moot, where prisoner had already been transferred by the time his petition reached the federal district court, and there was no reasonable expectation that he

would be subjected to the same action again); Smithhart v. Gutierrez, No. 3:06-cv-11, 2007 WL 2897942, at *1 (N.D. W. Va. Oct. 2, 2007) (where federal prisoner's ultimate goal in bringing habeas action was to have detainer filed by State of Kentucky removed so he could complete a residential drug treatment program and be eligible for sentence reduction, and petitioner was released from federal custody during pendency of habeas action, case was moot since petitioner could no longer benefit from residential program); O'Neil v. Arkansas, No. 06-3055, 2007 WL 2206863, at *3 (W.D. Ark. July 30, 2007) (in action claiming violations of Sixth Amendment, Due Process Clause, and IAD, by virtue of detainer placed against prisoner, prisoner's request for injunctive relief in the form of removal of warrant lodged as detainer was rendered moot by prosecutor's withdrawal of detainer during pendency of action). Furthermore, Petitioner's claim is not capable of repetition, yet evading review, because there is no reasonable expectation that he will be subjected to the same action again. Therefore, the undersigned concludes that this habeas action is moot.

Accordingly, it is respectfully **RECOMMENDED**:

That the amended petition for writ of habeas corpus (Doc. 9) be **DISMISSED as moot**.

At Pensacola, Florida, this 27th day of May 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**